# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re: Barrier One, Inc.**

**BARRIER ONE, INC.,**

      **Appellant,**

v.                                                           **Case No: 6:25-cv-108-PGB**

**LORI PATTON and JOHN VAN HORN,**

      **Appellees.**

_____/

## ORDER

This cause is before the Court on Appellee Lori Patton's ("**Appellee Trustee**")[1] Motion to Consolidate Cases 6:25-cv-107-PGB and 6:25-cv-108-PGB.[2] (Doc. 11 (the "**Motion to Consolidate Cases**")). Therein, Appellee Trustee states that Appellant Barrier One, Inc. ("**Appellant**") consents to the relief sought in the Motion to Consolidate Cases.[3] Upon consideration, the Motion to Consolidate Cases is due to be granted.

---

[1] Appellee Trustee is the Chapter 7 trustee of the bankruptcy estate of Barrier One, Inc.

[2] On February 28, 2025, Appellee Trustee filed a request to transfer 6:25-cv-108-CEM from Judge Carlos E. Mendoza to the undersigned Judge for consideration with 6:25-cv-107-PGB. (Doc. 10 (the "**Motion for Transfer**")). Appellant did not oppose the Motion for Transfer. (*Id.* at p. 5). Accordingly, on March 4, 2025, Judge Mendoza transferred Case No. 6:25-cv-108-CEM to the undersigned Judge. (Doc. 19). The case was then reassigned as Case No. 6:25-cv-108-PGB. (Doc. 20).

[3] Although Appellee Trustee states in the Motion to Consolidate Cases that her counsel has conferred with counsel for Co-Appellee John Van Horn ("**Appellee Van Horn**"), Appellee Trustee does not state whether Appellee Van Horn opposes the Motion to Consolidate Cases.

A district court may consolidate actions before the court if they "involve a common question of law or fact." FED. R. CIV. P. 42(a); *see also* Local Rule 1.07(b) (enabling the court to consolidate actions). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). District courts are encouraged to use Rule 42(a) "in order to expedite" the proceedings and to "eliminate repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966).

In the Motion to Consolidate Cases, Trustee Appellee argues that 6:25-cv-107-PGB and 6:25-cv-108-PGB (collectively, the "**bankruptcy appeals**") involve common parties to the same underlying bankruptcy action, present virtually identical issues on appeal, and therefore concern common questions of fact and law. (*See generally* Doc. 11). Trustee Appellee thus contends that the bankruptcy appeals should be consolidated. (*Id.*). The Court agrees and finds that consolidation of the bankruptcy appeals would "expedite" the proceedings and would "eliminate repetition and confusion." *Dupont*, 366 F.2d 195; *see also Leiter v. Cramer*, No. 8:21-cv-1353-CEH, 2021 WL 4050953, at *1 (M.D. Fla. Aug. 26, 2021) (consolidating bankruptcy appeals that "involve[d] the same parties and factual record [where] the issues in each appeal [we]re the same or closely

---

(Doc. 11, p. 5). In any event, the Court does not deem a response to the Motion to Consolidate Cases by Appellee Van Horn to be necessary. "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

related."). Further, consolidation would conserve limited judicial resources and promote consistency in the outcomes of the subject appeals. *See Leiter*, 2021 WL 4050953, at *1.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is **DIRECTED** to consolidate Case No. 6:25-cv-107-PGB with Case No. 6:25-cv-108-PGB.

2. The Court designates Case No. 6:25-cv-107-PGB as the lead case. All filings from this point forward shall be filed in the lead case.

**DONE AND ORDERED** in Orlando, Florida on March 13, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties